BOB LEDBETTER v. THE STATE.

*No. 1127.   Decided November 13th, 1895.*

**1.   Theft of Cattle—Evidence—Record of Mark and Brand—Bill of Sale.**

On a trial for theft of cattle, where the recorded mark and brand had been transferred by the owners on the record to other parties. Held: That it was not essential that a bill of sale should be introduced in evidence, in order to admit the record evidence of transfer. Proof of the purchase of the brand and the animals in said brand could be made by parol.

**2.   Same—Indictment—Ownership—General and Special Owner.**

Where the general ownership of property is in one party, but the exclusive possession, management and control of the same is in another, such other is the special owner, and the indictment may allege, and prosecution prove the ownership in the special owner alone without any reference to the general owner.

**3.   Record of Brand of Animal.**

The law does not require the record of the brand of animals to state whether the brand was on horses or cattle, or other property; and a record which shows that the brand was placed upon the left side, and left thigh, is in conformity with the statute.

**4.   Impeachment of a Witness—Charge as to.**

Where evidence has been introduced showing that certain witnesses had been charged with theft, and the court instructed the jury, that this evidence could only be considered for the purpose of impeaching the credibility of the witness and for no other purpose. Held: That the instruction was demanded, was correct, and was not upon the weight of evidence.

**5.   Theft—Purchase—Charge.**

On a trial for theft of one head of cattle, where the defense was, a purchase of the animal from one K., and the issue was whether the animal belonged to K., or to R.,

the alleged owner, and the court instructed the jury: "If you believe from the evidence that the defendant took the one head of cattle, charged in the indictment, under a real claim of right or title, he is not guilty and you will acquit; or if it is not shown by the evidence, beyond a reasonable doubt, that the one head of cattle taken by the defendant was the property of R., or in his actual care, control and management at the time of the taking, if any, you will acquit the defendant." Held: The charge was correct and full and fairly presented the defense relied on.

6.  Same—Evidence—Hide of the Cow.

On a trial for theft of a cow, the hide of the alleged stolen animal was properly introduced in evidence and exhibited to the jury.

APPEAL from the District Court of Brown.    Tried below before Hon. J. O. WOODWARD.

This appeal is from a conviction for theft of one head of cattle, the punishment assessed being two years' imprisonment in the penitentiary.

The offense was alleged to have been committed in McCulloch County, and the indictment was presented in that county.    After three trials, two convictions and one mistrial of the case in that county, which was sparsely settled, the District Judge changed the venue to Brown County, because he did not believe defendant could get another fair and impartial trial in said county.    On this trial in the court below, the defendant did not deny that he had killed the animal in question, but claimed that it was an animal which he had purchased, and that it was not the property of the McCulloch County Land and Cattle Company the general owner, nor of the alleged owner W. M. Roberts.    The contention as to ownership seems to have been mainly narrowed down to the brands upon the hide of the animal killed by defendant.    This hide was introduced in evidence and exhibited to the jury.    The points in dispute, as to the brand upon the hide, are stated in the opinion of the court.

*Guion & Truly*, for appellant, filed an able brief and earnest argument against the sufficiency of the evidence, their contention as to the brand being as follows:    The most material facts in all of the testimony to be ascertained, and one that fixes and settles the guilt or innocence of the defendant is, was or was not the brand upon the thigh of the cow killed by the defendant a stripe or bar made thus: —, or a circle made thus: O.    The testimony of W. M. Roberts alone, to which we earnestly call the court's attention, will show that the brand upon the hide introduced in evidence before the jury, must have been at least nine and seven-eights ($9\frac{7}{8}$) inches in diameter, when the largest circle testified to by any of the witnesses they made upon the cattle of the company was only about three (3) to six (6) inches.    The court can readily see that a circle of ten (10) inches in diameter could not cover the thigh of any cow and be a complete circle; that it would be impossible to brand a calf and have a circle grow from three (3) to four (4) inches to nine (9) or ten (10) inches and be recognized as a circle.    It is shown by the testimony of the witness, Roberts, and exemplified in the statement of facts upon cross-examination, and we will not here repeat it; that from the point where the circle enters the edge of the hide to where it goes out at the other end of the hide, and two and one-quarter

(2¼) inches upon the center between the two (2) points of entrance and exit of these marks; that to make a circle having for its segment four and one-half (4½) inches from point to point, one-half (½) inch above the center of these two points and a complete circle drawn from each of these points would make a complete circle of nine and seven-eights (9⅞) inches in diameter. This, considering the evidence of all of the witnesses, would be such a circle as never could be looked for upon any animal, and goes to corroborate the witnesses for the defendant, that, instead of being a circle, in fact the mark testified to by the witness, Roberts, was simply a straight line or bar, or stripe, as testified to by the witness, Mitchell. This, it seems to us, is most conclusive, demonstrated by actual measurement of facts, undisputed, and clearly shows the defendant's innocence.

We would ask the court to draw a straight line from one point to another four and one-half (4½) inches. From the center of this line two and one-fourth (2¼) inches, make a point one-half (½) inch; now, from the extreme ends of this line, and between each of these points, draw a complete circle, taking this as a segment, and it will readily be seen that the circle made will be nine and seven-eighths (9⅞) inches in diameter— a circle out of proportion to any circle ever heard of upon a living animal—and one too large to cover the flesh or hide of any cow upon the thigh.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—Appellant in this case was convicted of the theft of a cow, and his punishment assessed at two years in the penitentiary. . This case was before us at the Dallas term, 1895, (29 S. W Rep., 1084), and the judgment was reversed, because of the manner in which a witness was impeached, the predicate for the impeachment not having been first laid. The first bill of exceptions was reserved to the introduction in evidence of a certified copy of the record of a mark and brand on the left side and thigh, recorded in the name of Word & Mendell, and subsequently transferred on said record from Word & Mendell to the McCulloch County Land and Cattle Company. The first objection is, that there was no bill of sale introduced in evidence from Word & Mendell to the McCulloch County Land and Cattle Company. This is not necessary in order to admit the record. Proof that the company had purchased from Word & Mendell could be made by parol. The indictment alleged that one Roberts was the owner of the cow in question. The proof showed that he was in exclusive possession, management and control of cattle in that brand, and that the cattle belonged to the McCulloch County Land and Cattle Company. It was not necessary to have charged that the company owned the cattle. If Roberts was in fact (and there is no doubt of it) in exclusive possession, management and control of the cow in question, in law, so far as this prosecution was concerned, he was the owner. The law does not require the record to state whether the brand was on horses or cattle, or other property. This

record did show that this brand was placed on the left side and left thigh, which is in conformity with the statute. The State proved by R. E. Word, a sale of the cattle bearing that mark and brand, by Word & Mendell to the McCulloch County Land and Cattle Company. It was objected that this could not be done by parol testimony. The objection is not well taken. Requested instructions upon this subject were properly refused. If Roberts had exclusive possession, management and control of the cow, the prosecution would not be defeated by proof that the McCulloch County Land and Cattle Company owned the cow. Proof that Roberts was in exclusive possession, management and control of the cow was proof that he owned the cow, within the meaning of this indictment. Although the company may have been the actual owner, Roberts would be the special owner. These propositions were submitted to the jury by the charge of the court, to which counsel for appellant objected. The objection is not well taken. The charge is correct.

Bird and Blackwell were important witnesses for the appellant. Evidence was introduced tending to show that they had been charged with theft. The court instructed the jury that this evidence could only be considered for the purpose of impeaching the credibility of these witnesses, and for no other purpose. To this charge the appellant objected, because, he says, it was a charge upon the weight of the testimony. The charge was demanded by the testimony, was correct in every particular, and was not upon the weight of the evidence. The evidence raises no doubt as to whether the appellant was the original taker or receiver after its being taken. The question as to whether he was a principal in the taking is not raised in this case, but that fact is placed beyond question. There was evidence tending to show that the appellant had purchased the cow in question from one Kuykendall. This was his defense, and the issue in the case was whether this was the Kuykendall cow or a cow belonging to Roberts. Now, the court charged the jury as follows: "If you believe from the evidence that the defendant took the one head of cattle charged in the indictment, under a real claim of right or title, he is not guilty, and you will acquit; or, if it is not shown by the evidence beyond a reasonable doubt, that the one head of cattle taken by the defendant was the property of W. M. Roberts, or in his actual control, care and management, at the time of the taking, if any, you will acquit the defendant." Under the facts of this case this charge was correct, and sufficiently full to present fairly the defense relied upon by appellant. The hide of the cow in question was introduced in evidence, and exhibited to the jury. To this the appellant objected. There was no error in this. Hart v. State, 15 Tex. Crim. App., 202; Bryant v. State, 18 Tex. Crim. App., 107; Levy v. State, 28 Tex. Crim. App., 203; Jackson v. State, 28 Tex. Crim. App., 370; Bell v. State, 32 Tex. Crim. Rep., 436. It was necessary for the State to prove that the cow belonged to Roberts. To do this, the proof must show that she was branded on the left side with a $J$, and on the left thigh with a circle. The appellant claimed that the cow had the $\sigma$(UJ) brand on the left side, with a straight bar

on the left thigh. The proof is clear that the cow had the 𝒥 brand on her left side, and not the 𝒰. The hide did not contain a whole circle, but a part of a circle. It is now contended that if the circle had been extended from the terminal points of the brand still remaining on the hide, it would have been too large to have been put on the animal at that place. In answer to this, it is sufficient to say, that the evidence shows that the hide had been stretched at that place, and what might have indicated a much smaller circle originally, in consequence thereof might, by stretching, have been extended into even a straight line. So this is no indication that the circle would have been the size as contended for by appellant. We are of the opinion that the evidence is sufficient to sustain the conviction. The judgment is affirmed.

*Affirmed.*